1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  MATTHEW P. VANDALL (State Bar No. 196962)
   Email: vandall@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone:   (415) 421-3111
5  Facsimile:   (415) 421-0938

6  Attorneys for Defendant
   ALTA BATES SUMMIT MEDICAL CENTER
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  CHARLOTTE KIRTON,                    CASE NO.  CV 07-05863 MHP

12              Plaintiff,               **DEFENDANT'S ANSWER TO
                                         COMPLAINT**
13  v.
                                         **Complaint Filed:** October 22, 2007
14  ALTA BATES SUMMIT MEDICAL CENTER;    **Trial Date:** No Date Set
    and DOES 1-20,
15
                Defendants.
16

17

18          Defendant Alta Bates Summit Medical Center answers Plaintiff Charlotte

19  Kirton's allegations as follows:

20          As to the introductory allegations contained at page 1, lines 22-25 of the

21  Complaint, Defendant admits that Plaintiff demands a jury trial and brings this action

22  against Defendant and Does 1 through 20 for general, compensatory, punitive, and

23  statutory damages, costs and attorneys' fees.  Defendant specifically denies any

24  wrongdoing as well as Plaintiff's entitlement to such damages, costs and fees.

                            **PARTIES**
25
          1.    As to Paragraph 1 of the Complaint, Defendant admits the location
26
    of Defendant's Summit Campus and that Plaintiff was employed by Defendant from
27
    approximately December 26, 1999 (the effective date of the merger between the Alta
28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S ANSWER TO COMPLAINT                    CASE NO.  CV 07-05863 MHP

1  Bates Medical Center and the Summit Medical Center, Defendant's predecessor

2  entities) through December 14, 2005 (Plaintiff's termination date).  Defendant further

3  admits that Plaintiff was employed by the Summit Medical Center between May of 1993

4  and approximately December 26, 1999.

5          2.      Defendant admits the allegations of Paragraph 2 of the Complaint.

6          3.      As to Paragraph 3 of the Complaint, Defendant admits that Jennifer

7  Stroud currently holds the position of Nurse Manager at Defendant's Summit Campus

8  and that she has held that position since January 2005.  As to the remaining allegations

9  of Paragraph 3, Defendant admits that Ms. Stroud was acting upon its behalf when she

10  disciplined Plaintiff for refusing to float and denies the remaining allegations to the

11  extent they allege that Ms. Stroud was acting upon Defendant's behalf by shouting

12  obscenities at Plaintiff or by engaging in racial discrimination or other harassing

13  behavior.

14          4.      Defendant is without knowledge or information sufficient to form a

15  belief as to the truth of the allegations of Paragraph 4 of the Complaint, and denies all

16  such allegations on that basis.

17          5.      Defendant is without knowledge or information sufficient to form a

18  belief as to the truth of the allegations of Paragraph 5 of the Complaint, and denies all

19  such allegations on that basis.

20          6.      Defendant is without knowledge or information sufficient to form a

21  belief as to the truth of the allegations of Paragraph 6 of the Complaint, and denies all

22  such allegations on that basis.

23          7.      Defendant is without knowledge or information sufficient to form a

24  belief as to the truth of the allegations of Paragraph 7 of the Complaint, and denies all

25  such allegations on that basis.

26          8.      Defendant is without knowledge or information sufficient to form a

27  belief as to the truth of the allegations of Paragraph 8 of the Complaint, and denies all

28  such allegations on that basis.

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE  (415) 421-3111

DEFENDANT'S ANSWER TO COMPLAINT                                              CASE NO. CV 07-05863 MHP

1    9.    As to the allegations of Paragraph 9 of the Complaint, Defendant

2    denies that "Heller" is a Defendant in this action and is otherwise without knowledge or

3    information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of

4    the Complaint, and denies all such allegations on that basis.

5    **FACTUAL SUMMARY**

6    10.    As to Paragraph 10 of the Complaint, Defendant denies that the

7    existence of any individual contract, including but not limited to an employment contract,

8    between Plaintiff and Defendant, or any of Defendant's predecessor entities.  Defendant

9    avers that Plaintiff's employment relationship with Defendant, and Defendant's

10   predecessors in interest, were governed by the terms of the collective bargaining

11   agreements which were in effect at during the applicable time period and which

12   contained non-discrimination obligations as well as procedures for investigating and

13   resolving disputes concerning allegations of discrimination and harassment in the

14   workplace.  Defendant denies the remaining allegations of Paragraph 10 of the

15   Complaint

16   11.    As to Paragraph 11 of the Complaint, Defendant admits that

17   Plaintiff worked as a staff nurse for the Summit Medical Center from approximately May

18   1993 through October 4, 1996, when Plaintiff was terminated for insubordination.

19   Defendant further admits that Plaintiff returned to work at Summit Medical Center in

20   approximately March of 1996 following arbitration proceedings under the collective

21   bargaining agreement between the Summit Medical Center, Plaintiff and Plaintiff's union

22   representative concerning Plaintiff's allegations of wrongful termination.  Defendant

23   denies the remaining allegations of Paragraph 11.

24   12.    As to Paragraph 12 of the Complaint, Defendant denies the

25   existence of an individual employment contract between Plaintiff and Defendant and

26   further denies that Plaintiff was terminated during the 2003 calendar year.  Defendant

27   also denies that Plaintiff worked without incident that year.  Defendant avers that

28   Plaintiff received a formal written warning in January 2003 concerning her unsatisfactory

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 3 -

1  work performance and unsafe nursing practices and further avers that Plaintiff was a

2  member of the California Nurses Association (the "CNA") and that, as such, her

3  employment conditions were governed by the terms of a collective bargaining

4  agreement between Defendant and the CNA. Defendant is without knowledge or

5  information sufficient to form a belief as to the truth of the remaining allegations of

6  Paragraph 12 and denies them on that basis.

7          13.    As to Paragraph 13 of the Complaint, Defendant admits that

8  Plaintiff held the position of Clinical Nurse II as of December 14, 2005, the effective date

9  of her termination. Defendant denies the remaining allegations of Paragraph 13

10        **FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION**

11          14.    As to the allegations of Paragraph 14 of the Complaint, Defendant

12  admits that on or about November 20, 2005, Plaintiff was working an extra shift on her

13  unit, 4 East, and avers that it was necessary for a nurse to float to another unit that

14  evening. Defendant further avers that it was Plaintiff's turn to float and that Plaintiff was

15  instructed by Carol Grappo (the Relief Charge Nurse on duty that evening) to float to

16  another unit, 5 East, and that Plaintiff refused. Defendant also admits that Plaintiff was

17  neither a Registry or Traveling Nurse during November 2005 and further avers that

18  Plaintiff was a regular employee of Defendant's at that time. Defendant denies the

19  allegations of Paragraph 14 of the Complaint.

20          15.    As to the allegations of Paragraph 15 of the Complaint, Defendant

21  admits that on or about November 21, 2005, Plaintiff was working an extra shift on her

22  unit, 4 East, and avers that it was necessary for a nurse to float to another unit that

23  evening. Defendant further avers that it was Plaintiff's turn to float and that the Charge

24  Nurse instructed Plaintiff to float to another unit and that Plaintiff again refused to do so.

25  Defendant admits that Plaintiff was asked to go home for the evening after refusing to

26  follow the Charge Nurse's instruction. Defendant denies the remaining allegations of

27  Paragraph 15 of the Complaint.

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 4 -

DEFENDANT'S ANSWER TO COMPLAINT                                    CASE NO. CV 07-05863 MHP

1        16.    As to the allegations of Paragraph 16 of the Complaint, Defendant

2    admits that Jennifer Stroud, a Nurse Manager for Defendant at the time, contacted

3    Plaintiff by telephone shortly after Plaintiff's refusal to float on or about November 20

4    and 21, 2005, and informed Plaintiff that she was suspended from her employment with

5    Defendant as of November 26, 2005. Defendant avers that such suspension was based

6    upon Plaintiff's insubordination on November 20 and 21, 2005, as well as a third

7    episode of unprofessional behavior in the preceding fifteen (15) months (which prior

8    episode involved Plaintiff yelling at a Charge Nurse and resulted in a final written

9    warning and a three (3) day suspension). Defendant denies the remaining allegations in

10   Paragraph 16 of the Complaint.

11        17.    Defendant denies the allegations of Paragraph 17 of the Complaint.

12        18.    As to the allegations of Paragraph 18 of the Complaint, Defendant

13   is without knowledge or information sufficient to form a belief as to the truth of the

14   remaining allegations of Paragraph 18 and therefore denies such allegations.

15        19.    As to the allegations of Paragraph 19 of the Complaint, Defendant

16   admits that a Workers' Compensation claim concerning Plaintiff was opened on or about

17   November 29, 2005 and that such claim was premised upon Plaintiff's allegation that

18   she suffered emotional distress as a result of being suspended by Defendant following

19   her refusals to float and avers that such claim was closed on January 27, 2006 following

20   a determination that Defendant's personnel actions were taken in good faith. Defendant

21   is without knowledge or information sufficient to form a belief as to the remaining

22   allegations of Paragraph 19 of the Complaint and therefore denies such allegations.

23        20.    The Complaint omits Paragraph 20 and therefore there are no

24   allegations for Defendant to either admit or deny.

25        21.    As to the allegations of Paragraph 21 of the Complaint, Defendant

26   admits that Plaintiff was on a leave of absence as of the December 14, 2005 termination

27   date and that a Workers' Compensation claim was opened on or about November 29,

28   2005 and that such claim was premised upon Plaintiff's allegation that she suffered

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 5 -

DEFENDANT'S ANSWER TO COMPLAINT                                    CASE NO. CV 07-05863 MHP

1    emotional distress as a result of being suspended by Defendant following her refusals to

2    float. Defendant is without knowledge or information sufficient to form a belief as to the

3    truth of the remaining allegations of Paragraph 21 and therefore denies such

4    allegations.

5               22.    Defendant admits the allegations of Paragraph 22.

6               23.    Defendant admits the allegations of Paragraph 23.

7               24.    As to the allegations of Paragraph 24, Defendant denies that

8    Plaintiff was subjected to severe harassment, intimidation, and retaliation or that

9    Plaintiff's work environment was hostile or severe and pervasive. Defendant is without

10   knowledge or information sufficient to form a belief as to whether Plaintiff sought

11   psychological help and therefore denies such allegation.

12              25.    As to the allegations of Paragraph 25, Defendant denies that there

13   was any harassing, discriminatory or retaliatory behavior involving its employees as

14   alleged elsewhere in the Complaint and denies the remaining allegations of Paragraph

15   25 of the Complaint.

16              26.    As to the allegations of Paragraph 26, Defendant admits that the

17   Jennifer Stroud was a Nurse Manager and that Carol Grappo was a Relief Charge

18   Nurse on or about November 20 and 21, 2005. Defendant further admits that the Nurse

19   Manager position is a supervisory position. Defendant denies the remaining allegations

20   contained in Paragraph 26 of the Complaint.

21              27.    Defendant denies the allegations of Paragraph 27 of the Complaint

22   and avers that the circumstances of Plaintiff's insubordination and performance and

23   disciplinary history did not warrant an investigation for racial motivation and animus.

24              28.    Defendant denies the allegations of Paragraph 28 of the Complaint

25   and avers that the circumstances of Plaintiff's insubordination and performance and

26   disciplinary history did not warrant an investigation for racial motivation and animus.

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

- 6 -

DEFENDANT'S ANSWER TO COMPLAINT                                    CASE NO. CV 07-05863 MHP

1        29.     Defendant denies the allegations of Paragraph 29 of the Complaint

2   and avers that the circumstances of Plaintiff's insubordination and performance and

3   disciplinary history did not warrant an investigation for racial motivation and animus.

4        30.     Defendant denies the allegations of Paragraph 30 and further avers

5   that the appropriate employment action given all the circumstances was the termination

6   of Plaintiff's employment relationship with Defendant.

7        31.     Defendant denies the allegations of Paragraph 31 of the Complaint

8   and further avers that disciplinary action taken against Plaintiff was not discriminatory

9   and was instead appropriate given the nature and extent of Plaintiff's insubordination

10   and performance and disciplinary history.

11        32.     As to the allegations of Paragraph 32 of the Complaint, Defendant

12   admits that the employees who instructed Plaintiff to float on November 20 and 21, 2005

13   and the employees who disciplined Plaintiff for refusing to float were acting within the

14   course and scope of their employment relationships with Defendant. Defendant denies

15   that any employees who were allegedly engaged in discriminatory or harassing behavior

16   towards Plaintiff were acting in the course and scope of their employment relationship

17   with Defendant at the time of such allegedly discriminatory and harassing behavior.

18   Defendant denies the remaining allegations of Paragraph 32 of the Complaint.

19        33.     Defendant denies the allegation contained in Paragraph 33 of the

20   Complaint and further avers that it has effective policies in place prohibiting harassment

21   and discrimination on the basis of, among other things, race, age and gender. .

22
23

**FIRST CAUSE OF ACTION**
**Discrimination – Cal. Gov. Code § 12900 *et seq.***
**(Against Defendant and Does 1-20)**

24        34.     As to the allegations of Paragraph 34 of the Complaint, Defendant

25   realleges and incorporates by reference its responses to Paragraphs 1 through 33.

26        35.     Defendant admits the allegations of Paragraph 35 of the Complaint.

27        36.     As to the allegations of Paragraph 36, Defendant admits Plaintiff is

28   African American and that race is a protected category under California Government

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 7 -

DEFENDANT'S ANSWER TO COMPLAINT                        CASE NO. CV 07-05863 MHP

1     Code section 12900 *et seq.* and denies the remaining allegations of Paragraph 36 of the

2     Complaint.

3            37.     Defendant denies the allegations of Paragraph 37 of the Complaint.

4            38.     As to the allegations of Paragraph 38 of the Complaint, Defendant

5     admits that Plaintiff filed a charge of discrimination with the California Department of

6     Fair Employment and Housing on October 27, 2006 and that the DFEH issue a right to

7     sue letter on November 15, 2006, and denies the remaining allegations of Paragraph 38

8     of the Complaint.

9            39.     Defendant denies the allegations of Paragraph 39 of the Complaint.

10           40.     Defendant denies the allegations of Paragraph 40 of the Complaint.

11           41.     Defendant denies the allegations of Paragraph 41 of the Complaint.

## SECOND CAUSE OF ACTION
### Retaliation
### (Against Defendant and Does 1-20)

14           42.     As to the allegations of Paragraph 42 of the Complaint, Defendant

15     realleges and incorporates by reference its responses to Paragraphs 1 through 41.

16           43.     Defendant denies the allegations of Paragraph 43 of the Complaint.

## THIRD CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing
### (Against Defendant and Does 1-20)

19           44.     As to the allegations of Paragraph 44 of the Complaint, Defendant

20     realleges and incorporates by reference its responses to Paragraphs 1 through 43.

21           45.     Defendant denies the allegations of Paragraph 45 of the Complaint.

22           46.     As to the allegations of Paragraph 46, Defendant denies that it is an

23     international law firm with millions of dollars in assets and avers that Paragraph 46 is

24     improperly alleged against Defendant.  Defendant denies the remaining allegations of

25     Paragraph 46 of the Complaint.

26           47.     Defendant admits that the collective bargaining agreement between

27     the CNA and Defendant contains a provision requiring that terminations be supported by

28     just cause and further avers that Plaintiff's insubordination in refusing to float and her

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 8 -

1   prior performance and disciplinary record supply the requisite just cause required for

2   termination. Except as so admitted and averred, Defendant denies the allegations of

3   Paragraph 47 of the Complaint.

4       48.    Defendant denies the allegations of Paragraph 48 of the Complaint.

5       49.    Defendant denies the allegations of Paragraph 49 of the Complaint.

6       50.    As to the allegations of Paragraph 50 of the Complaint, Defendant

7   lacks knowledge or information sufficient to form a belief as to the truth of the

8   allegations and therefore denies such allegations on that basis.

9       51.    Defendant denies the allegations of Paragraph 51 of the Complaint.

10                        **FOURTH CAUSE OF ACTION**
                  **Intentional Infliction of Emotional Distress**
11                   **(Against Defendant and Does 1-20)**

12      52.    As to the allegations of Paragraph 52 of the Complaint, Defendant

13  realleges and incorporates by reference its responses to Paragraphs 1 through 51.

14      53.    Defendant denies the allegations of Paragraph 53 of the Complaint.

15      54.    Defendant denies the allegations of Paragraph 54 of the Complaint.

16      55.    Defendant denies the allegations of Paragraph 55 of the Complaint.

17      56.    Defendant denies the allegations of Paragraph 56 of the Complaint.

18      57.    Defendant denies the allegations of Paragraph 57 of the Complaint.

19      58.    Defendant denies the allegations of Paragraph 58 of the Complaint.

20      59.    Defendant denies the allegations of Paragraph 59 of the Complaint.

21      60.    Defendant denies the allegations of Paragraph 60 of the Complaint.

22                         **FIFTH CAUSE OF ACTION**
                               **Negligence**
23                   **(Against Defendant and Does 1-20)**

24      61.    As to the allegations of Paragraph 61 of the Complaint, Defendant

25  realleges and incorporates by reference its responses to Paragraphs 1 through 60.

26      62.    Defendant denies the allegations of Paragraph 62 of the Complaint.

27      63.    Defendant denies the allegations of Paragraph 63 of the Complaint.

28      64.    Defendant denies the allegations of Paragraph 64 of the Complaint.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 9 -

1        65.    As to Paragraph 65 of the Complaint, Defendant denies that any

2    harassment, discrimination or retaliation occurred and therefore denies on that basis the

3    allegations of Paragraph 65.

4        66.    As to the allegations of Paragraph 66 of the Complaint, Defendant

5    admits that it has an obligation to maintain a workplace free of discrimination based on

6    national origin, but denies that Plaintiff asserts such a claim here.  Defendant otherwise

7    denies the allegations of Paragraph 66 of the Complaint.

8        67.    As to the allegations of Paragraph 67 of the Complaint, Defendant

9    avers that it has trained the appropriate management personnel concerning how to

10   respond effectively to complaints of discrimination, harassment and retaliation in

11   response to complaints of discrimination.  Other than as so averred, Defendant denies

12   the allegations of Paragraph 67 of the Complaint.

13       68.    Defendant denies the allegations of Paragraph 68 of the Complaint.

14       69.    Defendant denies the allegations of Paragraph 69 of the Complaint.

## SIXTH CAUSE OF ACTION
### Wrongful Termination Against All Defendants
### (Against Defendants and Does 1-20)

17       70.    As to the allegations of Paragraph 70 of the Complaint, Defendant

18   realleges and incorporates by reference its responses to Paragraphs 1 through 69.

19       71.    Defendant denies the allegations of Paragraph 71 of the Complaint.

20       72.    Defendant denies the allegations of Paragraph 72 of the Complaint.

21       73.    Defendant denies the allegations of Paragraph 73 of the Complaint.

22       74.    Defendant denies the allegations of Paragraph 74 of the Complaint.

23       75.    Defendant denies the allegations of Paragraph 75 of the Complaint.

24       76.    Defendant denies the allegations of Paragraph 76 of the Complaint.

## SEVENTH CAUSE OF ACTION
### Harassment
### (Against Defendant and Does 1-20)

27       77.    As to the allegations of Paragraph 77 of the Complaint, Defendant

28   realleges and incorporates by reference its responses to Paragraphs 1 through 76.

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 10 -

78.   Defendant denies the allegations of Paragraph 78 of the Complaint.

79.   Defendant admits the allegations of Paragraph 79 of the Complaint.

80.   Defendant denies the allegations of Paragraph 80 of the Complaint.

81.   Defendant denies the allegations of Paragraph 81 of the Complaint.

82.   Defendant denies the allegations of Paragraph 82 of the Complaint.

83.   Defendant denies the allegations of Paragraph 83 of the Complaint.

84.   Defendant denies the allegations of Paragraph 84 of the Complaint.

85.   Defendant denies the allegations of Paragraph 85 of the Complaint.

## AFFIRMATIVE DEFENSES

86.   As a first, separate, and affirmative defense, Defendant alleges that neither the Complaint nor any of its separate causes states a claim upon which relief can be granted.

87.   As a second, separate, and affirmative defense, Defendant alleges that the issues raised in the Complaint should have been resolved exclusively under the grievance-arbitration clause of the applicable collective bargaining agreement and that Plaintiff's failure to exhaust her contractual remedies bars the Complaint.

88.   As a third, separate and affirmative defense, Defendant alleges that the resolution of Plaintiff's claims depends upon an interpretation of a collective bargaining agreement and, hence, the Complaint, and all or some of its individual claims for relief, is preempted by Section 301 of the National Labor Relations Act. See 29 U.S.C. § 185.

89.   As a fourth, separate and affirmative defense, Defendant alleges that the Complaint is barred because Plaintiff cannot establish that the CNA arbitrarily refused to pursue arbitration of the issues raised in the Complaint under the grievance-arbitration clause of the applicable collective bargaining agreement.

90.   As a fifth, separate and affirmative defense, Defendant alleges that the Complaint is barred by the six month statute of limitations period applicable to claims arising under 29 U.S.C. § 185.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S ANSWER TO COMPLAINT                    CASE NO.  CV 07-05863 MHP

91.    As a sixth, separate and affirmative defense, Defendant avers that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation to the extent they seek relief for conduct occurring outside the relevant limitations period applicable to claims arising under California law. <u>See</u> Code of Civ. Proc. §§ 335.1, 339(1), 338(a) and/or 338; <u>see</u> <u>also</u> Cal. Govt. Code § 12965(b).

92.    As a seventh, separate and affirmative defense, Defendant avers that as a result of Plaintiff's own conduct, actions or inaction, she is estopped from asserting the claims set forth in this Complaint and therefore is barred, in whole or in part, from the relief sought therein. This affirmative defense includes, but is not limited to, any such after-acquired evidence as may be discovered or by the doctrine of judicial estoppel.

93.    As an eighth, separate and affirmative defense, Defendant avers that Plaintiff has waived any right to assert the claims alleged in the Complaint and is barred, in whole or in part, from any relief sought therein by virtue of her own conduct, actions or inaction.

94.    As a ninth, separate and affirmative defense, Defendant avers that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

95.    As a tenth, separate and affirmative defense, Defendant avers that Plaintiff is not entitled to any damages because, assuming <u>arguendo</u> that any damages were incurred, Plaintiff has failed to mitigate her losses.

96.    As an eleventh, separate and affirmative defense, Defendant avers that Plaintiff's negligence claim is barred, in whole or in part, by the exclusive remedy provisions of the California Worker's Compensation Act, California Labor Code § 3600, <u>et</u> <u>seq</u>.

97.    As a twelfth, separate and affirmative defense, Defendant alleges that Plaintiff's seventh claim for relief fails to state a claim for harassment on the basis of race and/or national origin.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 12 -

DEFENDANT'S ANSWER TO COMPLAINT                                        CASE NO. CV 07-05863 MHP

1    98.    As a thirteenth, separate and affirmative defense, Defendant

2  alleges that Plaintiff has failed to state a claim for punitive damages, and, further, that

3  any such claim is a violation of the 14th amendment of the United States Constitution.

4                                 **PRAYER FOR RELIEF**

5       Defendant prays:

6    1.    For dismissal of the action.

7    2.    For entry of judgment in its favor.

8    3.    For costs and fees to which it may be entitled.

9    4.    For such other and further relief as may be warranted.

10

11                                    KAUFF MCCLAIN & MCGUIRE LLP

12

13                          By:_____/S/_____
                                    MAUREEN E. MCCLAIN
14                                  MATTHEW P. VANDALL

15

16                          Attorneys for Defendant
                            ALTA BATES SUMMIT MEDICAL
17                          CENTER

18

19
    4826-2316-4930.2
20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S ANSWER TO COMPLAINT                    CASE NO.  CV 07-05863 MHP