MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
MATTHEW P. VANDALL (State Bar No. 196962)
Email: vandall@kmm.com
DANIELLE M. ELLIS (State Bar No. 226581)
Email: ellis@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:   (415) 421-3111
Facsimile:    (415) 421-0938

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

C. DONALD AMAMGBO (State Bar No. 164716)
DANIEL ETOH (State Bar No. 236563)
AMAMGBO & ASSOCIATES, APC
7901 Oakport Street, Suite 4900
Oakland, CA 94621
Telephone:   (510) 615-6000
Facsimile:    (510) 615-6025

Attorneys for Plaintiff
CHARLOTTE KIRTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE KIRTON,<br><br>                Plaintiff,<br><br>v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER; and DOES 1-20,<br><br>                Defendants. | CASE NO.  C 07-05863 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>**DATE:** March 10, 2008<br>**TIME:** 4:00 p.m.<br>**DEPT:** Courtroom 15, 18th Flr.<br>**JUDGE:** Hon. Marilyn Hall Patel<br><br>**COMPLAINT FILED:** October 22, 2007<br>**TRIAL DATE:** No date set. |

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER    CASE NO. C 07-05863 MHP

Plaintiff and Defendant, through their respective counsel, submit the following Joint Case Management Statement.

1. <u>Jurisdiction and Service</u>

This is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and which was properly removed from the state court pursuant to the provisions of 28 U.S.C. § 1441(b) on the ground that the employment relationship between Plaintiff and the Defendant is governed by a collective bargaining agreement between Plaintiff's employer and the California Nurses Association ("CNA"). Plaintiff does not contest the basis for removal jurisdiction. The sole named Defendant has been served and there are no issues regarding personal jurisdiction or venue.

2. <u>Facts</u>.

Plaintiff, a Registered Nurse who is African-American, began her employment with Defendant Alta Bates Summit Medical Center ("Defendant") (or its predecessor in interest), in May of 1993. Plaintiff contends, in seven different legal theories, that a decision to suspend and subsequently to terminate her employment in November/December 2005 was racially discriminatory and harassing. Plaintiff also contends that Defendant's actions were negligent and retaliatory. Defendant denies Plaintiff's allegations and contends that Plaintiff, who had a history of performance, attendance and behavioral problems while working at the Medical Center, was suspended and later terminated after she refused to follow the instructions of her superiors and that Defendant's employment decisions regarding Plaintiff were legitimate and non-discriminatory. A summary of factual issues in dispute is:

a. Whether Plaintiff reached an agreement with the Staffing Coordinator to work on November 20 and 21, 2005, with the condition that she only work on her unit, 4-East. Plaintiff contends that she made an agreement with Defendant's Staffing office, that if she agreed to work an extra shift, she would not be required to float off her unit. Defendant contends that the Staffing Office does not have the authority to make such an agreement and, even if such an agreement was made, which it denies,

-1-

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

the agreement would not be upheld, as the decision regarding which nurse will be required to float is made by the Charge Nurses on each unit, opposed to the Staffing Office.

   b. Whether, pursuant to the CBA, Plaintiff was required to float. Plaintiff contends she was not required to float on these days and, instead, a Registry or Travel Nurse should have been the one to float.[1] The Defendant contends that, as Plaintiff was working an extra shift she was required to float and that her refusal to do so was, in essence, a refusal to accept an assignment from her supervisor.

   c. Whether Plaintiff received a call from the Nurse Manager, Jennifer Stroud, wherein Ms. Stroud yelled obscenities at Plaintiff and told her that she was suspended. Plaintiff contends that Ms. Stroud called her at home shortly after her suspension, yelled at her and told her she was suspended. Defendant contends that while Ms. Stroud did try contacting Plaintiff, she was unable to reach her and was unable to leave her a message, as her voicemail box was full.

   d. Whether Defendant treats people of African American descent different from other races as far as floating is concerned. Plaintiff contends that Defendant treated her and people of African American descent differently with reference to the implementation of the floating policies. Defendant contends that it applies all of the polices, including the floating policies, equally amongst the nurses regardless of race, color and/or national origin. Defendant also contends that it is impossible for Plaintiff to establish similar circumstances to support her allegations of differential treatment as a predicate for discrimination.

   e. Whether Defendant retaliated against Plaintiff for her insistence upon refusing to float on November 20 and 21, 2005. Plaintiff contends that her refusal to float was based on her insistence in following the CBA floating provisions, and, also contends that Defendant's decision to terminate her was based on her insistence on following those rules. Defendant contends that Plaintiff's interpretation of

---

[1] Registry and Travel Nurses are nurses that are hired from outside sources.

- 2 -

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER CASE NO. C 07-05863 MHP

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

the CBA's floating policies is incorrect and instead, her refusal to float was in direct violation of the CBA's policies. Defendant further contends that the two incidents of refusing to float, in addition to other issues relating to Plaintiff's performance were the sole reasons for Defendant's decision to terminate Plaintiff's employment.

    f. Whether Plaintiff failed to exhaust the administrative remedies under the collective bargaining agreement's grievance-arbitration clause.

    g. Whether Plaintiff can establish a factual predicate for her punitive damage claim.

    h. Whether Plaintiff has failed to mitigate her damages.

    i. Whether Plaintiff has incurred any damage and if so the nature and extent of any such claim.

   3. <u>Legal Issues.</u>

    a. Whether the Complaint, or some of its individual claims for relief, is preempted by Section 301 of the Labor Management Relations Act. *See Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 689-90 (9th Cir. 2001) (Section 301 preempts "claims founded directly on rights created by collective-bargaining agreements"). See also *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) (LMRA preempts a state-law claim if the resolution of that claim depends upon the meaning of a collective-bargaining agreement).

    b. Whether all or some of Plaintiff's claims are barred by the six month statute of limitations period applicable to claims arising under 29 U.S.C. section 185. See *Foy v. Giant Food Inc.*, 298 F.3d 284, 291 (4th Cir. 2002) (a six-month statute of limitations applies to actions under the Labor Management Relations Act brought by an employee against his employer for breach of a collective bargaining agreement).

    c. Whether Plaintiff's claims are barred by the applicable statutes of limitation period applicable to claims arising under California law, more

1   specifically under Code of Civ. Proc. sections 335.1, 339(1), 338(a) and/or 338 as well
2   as Cal. Govt. Code section 12965(b).
3            d.   Whether pursuant to California Labor Code section 3600 *et.*
4   *seq.*, Plaintiff's negligence claim is barred, in whole or in part, by the exclusive remedy
5   provisions of California Workers' Compensation Act.  See, *Lamke v. Sunstate Equip.*
6   *Co.*, 387 F. Supp. 2d 1044, 1050 (D. Cal. 2004) (claims of negligence in the employment
7   context are subject to the exclusive jurisdiction of the workers' compensation system).
8            e.   Whether Plaintiff can meet the legal standards of proving
9   discrimination on the basis of race under Cal. Gov. Code sections 12900 *et seq.* and
10  12920, *et seq.*
11           f.   Whether Plaintiff's claims are barred by the six month statute
12  of limitations arising under 29 U.S.C. § 185.
13           g.   Whether Plaintiff can establish damage entitlement under any
14  of her claims, and what laws apply to the awarding of attorneys' fees and costs to either
15  side in this action.
16  4.   <u>Motions.</u>
17  Defendant anticipates filing a motion for summary judgment/adjudication.
18  Plaintiff is contemplating filing a joinder motion with respect to Plaintiff's union, the
19  California Nurse's Association.
20  5.   <u>Amendment of Pleadings.</u>
21  There may be amendments by Plaintiff arising out of the joinder motion,
22  depending upon the Court's ruling.
23  6.   <u>Evidence Preservation.</u>
24  Both sides have taken steps to preserve evidence.  Plaintiff's counsel has
25  notified their client to preserve all documentary evidence relating to the lawsuit.
26  Defendant's counsel has notified, both verbally and in writing, Defendant's Human
27  Resource Department to preserve all documentary evidence relating to this case.
28

- 4 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER    CASE NO. C 07-05863 MHP

7. <u>Disclosures.</u>

Both sides anticipate providing initial disclosures by March 3, 2008.

8. <u>Discovery.</u>

Plaintiff intends to serve written discovery as an initial discovery step to be followed by witness depositions. Defendant has noticed the deposition of Plaintiff for the March 28, 2008. Defendant has also sent out an initial request for production of documents and third party subpoenas. Defendant intends to serve additional written discovery and to take depositions of witnesses identified by Plaintiff as well as of third party witnesses.

As to the limitations imposed by the Federal Rules of Civil Procedure, the Parties agree with a 7-hour limitation on deposition duration and the limitations on depositions and interrogatories set by FRCP Rules 30(2)(A) and 33(a).

9. <u>Class Actions.</u>

This case is not a class action.

10. <u>Related Cases.</u>

The Parties know of no related cases.

11. <u>Relief.</u>

Plaintiff seeks special and general damages, exemplary and punitive damages according to proof as well as attorneys' fees and costs of suit. Defendant denies that Plaintiff is entitled to any relief. Defendant seeks its attorneys' fees and costs of defense.

12. <u>Settlement and ADR.</u>

There have been no settlement discussions or processes to date. At present, particularly given the pending motions, it is premature to discuss settlement. The Parties also believe that some discovery will be required before either side can realistically assess the prospects for settlement. The Parties have timely filed a Notice of Need for ADR Phone Conference. At that time, the Parties will discuss a potential Early Neutral Evaluation.

- 5 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER    CASE NO. C 07-05863 MHP

13. <u>Consent to Magistrate Judge For All Purposes.</u>

Plaintiffs properly requested a jury trial and the Parties do not consent to assignment of this case to a United States Magistrate Judge for all purposes.

14. <u>Other References.</u>

The Parties have no other references to propose at this time.

15. <u>Narrowing of Issues.</u>

At this time, the parties are unaware of any issues that may be narrowed by agreement or by motion.

16. <u>Expedited Schedule.</u>

The parties do not believe that this case can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling.</u>

The Parties respectfully request that the Court set the trial in this action no earlier than January 26, 2009. The Parties further request that the Court establish dispositive motion cut-offs 60 days before trial, and that the Court establish expert and non-expert cut-off deadlines no later than 60 days and 90 days prior to trial, respectively.

18. <u>Trial.</u>

Plaintiff has demanded a jury. The Parties anticipate up to seven court days for trial.

19. <u>Disclosure of Non-party Interested Entities or Persons.</u>

Defendant filed its Certification of Interested Entities and Person on November 20, 2007. The party so identified is Sutter Health. Plaintiff will file her disclosure by March 3, 2008, representing that there she has no interested parties aside from herself.

///

///

///

- 6 -
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER    CASE NO. C 07-05863 MHP

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

20. Such Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter.

The Parties know of no other matters at present.

DATED: February ___, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: /S/
DANIELLE M. ELLIS

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

DATED: February 28, 2008

Respectfully submitted,

AMAMGBO & ASSOCIATES, APC

By: _____
DANIEL ETOH

Attorneys for Plaintiff
CHARLOTTE KIRTON

IT IS HEREBY ORDERED.

DATED: _____

HON. MARILYN H. PATEL
United States District Court Judge

4836-5157-3250.1

-7-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

CASE NO. C 07-05863 MHP

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 421-3111
5106156025   02/28/2008 12:34   RECEIVED FROM: 4154217440   #1455-009