1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  DANIELLE M. ELLIS (State Bar No. 226581)
   Email: ellis@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone:  (415) 421-3111
5  Facsimile:   (415) 421-0938

6  Attorneys for Defendant
   ALTA BATES SUMMIT MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE KIRTON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER; and DOES 1-20,<br><br>　　　　　　Defendants. | CASE NO. CV 07-05863 MHP<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>**DATE:** June 9, 2008<br>**TIME:** 2:00 p.m.<br>**COURTROOM:** 15, 18th Flr.<br>**JUDGE:** Hon. Marilyn Hall Patel<br><br>**COMPLAINT FILED:** October 22, 2007<br>**TRIAL DATE:** No date set. |

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

CASE NO. CV 07-05863 MHP

## TABLE OF CONTENTS

                                                     **Page**

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL STANDARD ...................................................................................................... 1

    A. Kirton's Claims Are Preempted By Section 301 Of The Labor-Management Relations Act ............................................................................. 2

        1. Kirton's Discrimination, Retaliation, Intentional Infliction Of Emotional Distress, Negligence And Wrongful Termination Claims Are Preempted By Section 301 Of The LMRA As They Require Interpretation Of The Collective Bargaining Agreement ........................................................................................ 2

        2. Kirton's Third Cause Of Action For Breach Of The Covenant Of Good Faith And Fair Dealing Is Preempted By Section 301 Of The LMRA And Therefore Barred By The Six Month Statute Of Limitations ............................................................... 3

        3. Kirton's Concedes That Her Seventh Cause Of Action Should Be Dismissed ......................................................................................... 4

    B. All Of Kirton's Claims Are Subject To Dismissal Because The Applicable Six-Month Statute Of Limitations Has Expired. ..................................... 4

    C. Assuming Arguendo, Kirton's First Cause Of Action For Discrimination Is Not Preempted, Her Claim Still Fails. .............................. 4

    D. Assuming Arguendo, Kirton's Second Cause Of Action For Relation Is Not Preempted, Her Claim Still Fails. ........................................... 6

    E. Assuming, Arguendo, Kirton's Third Cause Of Action For Breach Of The Covenant Of Good Faith And Fair Dealing Is Not Preempted, Her Claim Still Fails. .......................................................................... 6

    F. Assuming, Arguendo, Kirton's Fourth Cause Of Action For Intentional Infliction Of Emotional Distress Is Not Preempted, Her Claim Still Fails. ....................................................................................... 7

    G. Assuming, Arguendo, Kirton's Fifth Cause Of Action For Negligence Is Not Preempted By Section 301, Her Claim Still Fails. ............. 8

    H. Assuming, Arguendo, Kirton's Sixth Cause Of Action For Wrongful Termination Is Not Preempted, Her Claim Still Fails .................... 8

    I. Kirton's Concedes That Her Seventh Cause Of Action For Harassment Should Be Dismissed. ...................................................................... 9

III. CONCLUSION ............................................................................................................... 9

- i -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

CASE NO. CV 07-05863 MHP

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Anderson v. Liberty Lobby,*
   477 U.S. 242, 254 (1986) ...........................................................................................1

*Carmen v. San Francisco Unif. Sch. Dist.,*
   237 F. 3d 1026, 1028 (9th Cir. 2001).......................................................................1

*Courtney v. Canyon Television & Appliance Rental, Inc.,*
   899 F.2d 845, 851 (9th Cir. 1990)............................................................................2

*DelCostello v. Int'l Bhd. Of Teamsters,*
   462 U.S. 151, 171-172 (1983) ..................................................................................4

*Kohler v. Ericcson, Inc.,*
   847 F.2d 499, 502 (9th Cir. 1988)............................................................................7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
   475 U.S. 574, 586 (1986) ..........................................................................................1

*McCormick v. AT&T Technologies,*
   934 F. 2d 531, 535 (4th Cir. 1991).......................................................................2, 3

*Parham v. Carrier Corp.,*
   9 F. 3d 383, 390 (5th Cir. 1993)...............................................................................4

*United Steelworkers of America, AFL-CIO-CLC v. Rawson,*
   495 U.S. 362, 368 (1990) ..........................................................................................3

*United Steelworkers of America v. Warrior & Gulf Navigation Co.,*
   363 U.S. 574, 579 (U.S. 1960) .................................................................................3

*Villiarimo v. Aloha Island Air, Inc.,*
   281 F.3d 1054, 1061 (9th Cir. 2002).......................................................................1

### FEDERAL STATUTES

29 U.S.C. § 185 ....................................................................................................................2

29 U.S.C. §185(a) ................................................................................................................3

### FEDERAL RULES

Fed. Rule Civ. Proc. 56 .......................................................................................................1

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

CASE NO. CV 07-05863 MHP

# TABLE OF AUTHORITIES
## (continued)

**Page**

### CALIFORNA CASES

*Christensen v. Superior Court (Pasadena Crematorium)*
   54 Cal. 3d 868, 903 (1991) ................................................................................... 7

*Davidson v. City of Westminister,*
   32 Cal. 3d 197, 209 (1982) ................................................................................... 7

*Janken v. GM Hughes Electronics,*
   46 Cal. App. 4th 55-80 (1996) .............................................................................. 8

*Morgan v. Regents of the University of California,*
   88 Cal. App. 4th 52, 75 (2000) ............................................................................. 4

*Shoemaker v. Myers,*
   52 Cal. 3d 1, 19-20 (1990) ................................................................................... 8

*Starzynski v. Capital Public Radio,*
   88 Cal. App. 4th 33, 39 (2001) ............................................................................. 3

*Torres v. Parkhouse Tire Serv.,*
   26 Cal. 4th 955, 1001 (2001) ................................................................................ 8

*Turner v. Anheuser-Busch, Inc.,*
   7 Cal. 4th 1238, 1256 (1994) ................................................................................ 8

### OTHER AUTHORITIES

Article I, Section 8 of the California Constitution ................................................................. 8

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

CASE NO. CV 07-05863 MHP

## I. INTRODUCTION

Plaintiff Charlotte Kirton's ("Kirton") Opposition ("Opposition") to Alta Bates Summit Medical Center's ("ABSMC") motion for summary judgment ("ABSMC's motion") ignores her own damaging admissions and fails to defeat ABSMC's arguments. The Opposition does not address a single sentence of Kirton's deposition testimony raised by ABSMC, and despite ABSMC's counsel's efforts, Kirton's attorney failed to substantively participate in the preparation of a joint statement of undisputed facts. (See Ellis Decl., ¶2, Exh. A). While Kirton's Opposition to the preemption arguments fail, so too does her individual claims of discrimination, retaliation, negligence and wrongful termination. Kirton's simple allegations, absent any substantiating evidence, are insufficient to defeat ABSMC's Motion. A plaintiff's subjective belief that she is a victim of discrimination, without admissible evidence in support, is simply not sufficient. *See, e.g., Carmen v. San Francisco Unif. Sch. Dist.*, 237 F. 3d 1026, 1028 (9th Cir. 2001). Kirton's claims must be dismissed.

## II. LEGAL STANDARD

The summary judgment procedure in Fed. Rule Civ. Proc. 56 is designed to winnow out unmeritorious claims before trial. To survive a motion for summary judgment, the nonmoving party must produce evidence of sufficient caliber or quantity to allow a rational trier of fact to produce a verdict in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 254 (1986). No genuine factual issue exists for trial where a nonmoving party rests on mere allegations or denials, or shows "some metaphysical doubt." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive. To be cognizable on summary judgment, evidence must be competent." *Carmen*, 237 F.3d at 1028. "Uncorroborated and self-serving" testimony does not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Similarly,

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

CASE NO. CV 07-05863 MHP

inadmissible hearsay cannot create a disputed issue of fact for purposes of summary judgment. *See Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990).

### A. Kirton's Claims Are Preempted By Section 301 Of The Labor-Management Relations Act.

#### 1. Kirton's Discrimination, Retaliation, Intentional Infliction Of Emotional Distress, Negligence And Wrongful Termination Claims Are Preempted By Section 301 Of The LMRA As They Require Interpretation Of The Collective Bargaining Agreement.

Kirton's claims for discrimination, retaliation, intentional infliction of emotional distress, negligence and wrongful termination (Counts I, II, IV, V and VI) are premised on Kirton's allegations that her termination was based on ABSMC's erroneous and discriminatory application of the floating procedures. These claims are preempted by Section 301 of the LMRA, 29 U.S.C. § 185 as interpretation of the Collective Bargaining Agreement ("CBA") is necessary in deciding whether ABSMC's actions were within the scope of its authority set forth in the CBA. *See McCormick v. AT&T Technologies*, 934 F. 2d 531, 535 (4th Cir. 1991) (the question in a preemption analysis is not whether the source of a cause of action is state law, but whether resolution of the cause of action requires interpretation of a collective bargaining agreement). State tort claims are preempted where reference to a collective bargaining agreement is necessary to determine whether a duty of care exists or to define the nature and scope of that duty, that is, whether, and to what extent, the employer's duty extended to the particular responsibilities alleged by an employee. *Id.* at 536.

In the present case, the Court must look to the CBA to determine whether or not ABSMC acted in accordance with the floating provisions. Kirton alleges in her Opposition that not one of her claims (Counts I-VII), requires interpretation of the floating provisions, as the CBA does not describe how floating is to be executed. (Opposition 5:8-26). However, the CBA does address the floating provisions <u>and</u> provides ABSMC's management (including staff nurses) with the authority to implement those provisions. Management's rights and responsibilities do not have to be explicitly delineated in the

- 2 -

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

CASE NO. CV 07-05863 MHP

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

agreement. A "collective bargaining agreement, acts as more than a contract, it is a generalized code which governs a myriad of situations which the draftsman cannot wholly anticipate." *Id.* at 535. "There are too many people, too many problems, too many unforeseeable contingencies to make the words of the contract the exclusive source of rights and duties. One simply cannot reduce all the rules governing a community ... to fifteen or even fifty pages." *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 579 (U.S. 1960).

Even more, the CBA provides ABSMC the authority to terminate for "just cause" and sets forth the "just cause" standards. (DeAngelis Decl., ¶12, Exh. J). Clearly the Court would have to interpret the "just cause" provision in conjunction with the floating provisions in order to determine whether Kirton's termination (for her previous eight acts of insubordination cumulative with her refusal to take directive on November 20, and 21, 2005) was within the scope of ABSMC's authority set forth in the CBA.

### 2. Kirton's Third Cause Of Action For Breach Of The Covenant Of Good Faith And Fair Dealing Is Preempted By Section 301 Of The LMRA And Therefore Barred By The Six Month Statute Of Limitations.

Kirton's Third Cause of Action is preempted based on the same reasons set forth in section II A(1) above. Even more, as Section 301 of the LMRA, 29 U.S.C. §185(a) provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

As such, the covenant of good faith and fair dealing cannot impose substantive terms and conditions beyond those to which the parties actually agreed. *Starzynski v. Capital Public Radio*, 88 Cal. App. 4th 33, 39 (2001). Any state law cause of action for violation of a collective-bargaining agreement is entirely displaced by federal law under Section 301. *United Steelworkers of America, AFL-CIO-CLC v. Rawson*, 495

- 3 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

CASE NO. CV 07-05863 MHP

U.S. 362, 368 (1990). *See Parham v. Carrier Corp.*, 9 F. 3d 383, 390 (5th Cir. 1993) (state law causes of action for violation of a collective bargaining agreement, essentially breach of contract claims, are entirely displaced by Section 301.)

### 3. Kirton's Concedes That Her Seventh Cause Of Action Should Be Dismissed.

Kirton's Seventh Cause of Action for harassment should be dismissed as Kirton concedes in her Opposition (Opposition 2:2-4, 10:14-15).

## B. All Of Kirton's Claims Are Subject To Dismissal Because The Applicable Six-Month Statute Of Limitations Has Expired.

As discussed in sections II A(1) & (2) above and section III (B) of ABSMC's Motion, all of Kirton's claims are preempted by LMRA Section 301. A six-month statute of limitations applies to actions under the Act brought by an employee against his employer for breach of a collective bargaining agreement. *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 171-172 (1983). All of the conduct Kirton complains of ceased at the time of her termination on December 14, 2005. (Kirton Depo. 246:11-25 & 247:1-8). Almost **two** years have past since the alleged wrongful conduct stopped and the October 2007 filing of her Complaint. Kirton's claims are well beyond the six-month period allowed by statute and thus should be dismissed.

## C. Assuming *Arguendo,* Kirton's First Cause Of Action For Discrimination Is Not Preempted, Her Claim Still Fails.

Kirton attempts to raise a triable issue of material fact of discrimination in her termination by alleging that (1) she performed her job in a satisfactory manner; and (2) she was treated differently than an American-Indian nurse (who allegedly refused to float). (Opposition 7:8-16). However, in order to show pretext Kirton must demonstrate that there are weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in ABSMC's proffered legitimate reasons for its actions. This demonstration must be sufficient so that a reasonable fact finder *could* rationally find them unworthy of credence, and hence infer "that the employer did not act for the asserted non-discriminatory reasons. *See Morgan v. Regents of the University of California*, 88 Cal. App. 4th 52, 75 (2000). Kirton has failed to make this showing.

- 4 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

<u>First</u>, Kirton has failed to address the eight disciplinary actions raised in ABSMC's Motion and, as such, she has failed to establish any inconsistencies in ABSMC's proffered reasons for her termination. As indicated by DeAngelis' Declaration, "ABSMC's actions concerning Kirton's disciplines and termination were at all times undertaken for the exclusive reason that she failed to follow ABSMC's policies and procedures. Her 2005 termination was merely a result of continuous acts of insubordination which ABSMC would no longer tolerate." (DeAngelis Decl., ¶17). Kirton's failure to take directive from a supervisor was just one of many instances of insubordination that led to her termination. (ABSMC's Motion sections II B & III D(4)(a)).

<u>Second</u>, by way of her own deposition testimony, Kirton has negated the requisite element for her discrimination claim, an illegal motive. Kirton alleges that ABSMC treats people of African-American descent different from other races as far as floating is concerned. Kirton also alleges that her termination was based on her race because she was treated differently than an American-Indian Registered Nurse. (Opposition 7:8-16). However, Kirton's deposition testimony refutes these allegations:

> Q.   So all of these agreements to float are being made allegedly with minorities and Caucasians alike; is that correct?
>
> Q.   The policy that you've explained that's being applied to Filipinos, Caucasians, American Indians and African-Americans, correct?
>
> A.   The policy of floating?
>
> Q.   The very one that you've described today that you participated in conversations with nurses requesting
>
> A.   Yeah. Everybody makes deals to float. Nobody gets terminated for those deals.
>
> Q.   Regardless of race?
>
> A.   Yeah. Everybody makes deals to float.

(Kirton Depo. 157:3-5, 19-25, 158:1-4).

Further, Kirton's attempt to create a disputed issue of fact by comparing herself to one American-Indian nurse fails as Kirton has not, and cannot, establish that

- 5 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

CASE NO. CV 07-05863 MHP

1  she is similarly situated to the American-Indian employee. Kirton has testified that she
2  has no personal knowledge of the disciplinary history of any of the employees, including
3  the American-Indian nurse. (Kirton Depo. 191:8-12, 193:1-9, 194:11-18, 23-25, 195:1,
4  6-25, & 196:1-14). Absent this showing, it is impossible for her to establish that the
5  American-Indian employee had the same and/or similar disciplinary history as Kirton.
6      As stated in ABSMC's Motion, Kirton's mere belief that discrimination
7  occurred, without specific support facts, is insufficient to avoid summary judgment. A
8  plaintiff's belief that a defendant acted from an unlawful motive, without evidence
9  supporting that belief, is no more than speculation or unfounded accusation about
10 whether the defendant really did act from an unlawful motive. To be cognizable on
11 summary judgment, evidence must be competent. *Carmen v. San Francisco Unif. Sch.*
12 *Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001). Kirton's claim must be dismissed.

13     **D.   Assuming *Arguendo*, Kirton's Second Cause Of Action For Relation Is Not Preempted, Her Claim Still Fails.**

14     Kirton has made absolutely no effort to address ABSMC's legitimate and
15 non-retaliatory business reasons for its employment decisions concerning her
16 employment. (ABSMC's Motion section. II B, III D (4)(a)). Her Opposition merely
17 reiterates her Second Cause of Action. As stated in section II C of this Brief and in
18 section III D(4)(a) of ABSMC's Motion, Kirton cannot point to any evidence to suggest
19 that the adverse employment actions were based on anything but non-retaliatory
20 legitimate business reasons. Simply put, she has not provided any evidence that would
21 suggest her termination was based on anything other than her own continuous acts of
22 insubordination.

23     **E.   Assuming, *Arguendo*, Kirton's Third Cause Of Action For Breach Of The Covenant Of Good Faith And Fair Dealing Is Not Preempted, Her
24         Claim Still Fails.**

25     Kirton has alleged in her Opposition that ABSMC breached the covenant of
26 good faith and fair dealing by subjecting her to different standards of conduct from other
27 employees in regard to its floating policies, and by terminating her employment despite
28 her alleged justifiable reason for not floating. (Opposition 8:18-23). However, Kirton has

- 6 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

CASE NO. CV 07-05863 MHP

failed to address the issues raised by ABSMC. Specifically, that her continuous acts of insubordination, including the November 20 and 21, 2005 refusal to take directive from her supervisor was the direct cause of her termination. As illustrated in ABSMC's Motion, Kirton received over eight disciplinary actions for insubordination. (ABSMC's Motion sec II B). Kirton simply is not entitled to damages flowing from a termination based on her own insubordination. *See Kohler v. Ericcson, Inc.*, 847 F.2d 499, 502 (9th Cir. 1988). Even more, as discussed in ABSMC's Motion section II C (2), Kirton has failed to establish and/or offer any evidence indicating there was any discriminatory motive on the part of ABSMC. Therefore, Kirton's claim fails.

F.   **Assuming, *Arguendo*, Kirton's Fourth Cause Of Action For Intentional Infliction Of Emotional Distress Is Not Preempted, Her Claim Still Fails.**

The elements of the tort of intentional infliction of emotional distress are: "'(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. . . .' Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminister*, 32 Cal. 3d 197, 209 (1982). Further, the defendant must have engaged in "conduct intended to inflict injury or engaged in with the realization that injury will result." *Id.* at 210.

Kirton has failed to address the issues raised by ABSMC's Motion, that she has no evidence of intent to cause her emotional distress. *See Christensen v. Superior Court (Pasadena Crematorium)*, 54 Cal. 3d 868, 903 (1991) (requiring evidence of intent). Instead, the Opposition offers only the conclusory comment that ABSMC's conduct was extreme and outrageous because it terminated Kirton for refusal to follow the floating policies. Again, as stated throughout this brief, and the ABSMC's Motion the termination decision was based on numerous acts of insubordination, including Kirton's refusal to float from her supervisor. The courts have held that managing personnel,

- 7 -

1  including demoting, terminating and layoff plaintiffs is not outrageous as a matter of law.

2  *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55-80 (1996).

### G. Assuming, *Arguendo,* Kirton's Fifth Cause Of Action For Negligence Is Not Preempted By Section 301, Her Claim Still Fails.

Kirton's Opposition has failed to negate the fact that her Sixth Cause of Action for negligence is barred by the exclusivity provision of the workers' compensation laws. [A]n employee who sustains an industry injury "arising out of and in the course of employment is limited to recovery under the workers' compensation system." *See Torres v. Parkhouse Tire Serv.,* 26 Cal. 4th 955, 1001 (2001). Kirton's termination is a risk of employment which falls within workers' compensation exclusivity rule. Injuries resulting from nonconsensual termination of employment are included within the scope of workers' compensation as "both the act of termination and the acts leading up to the termination necessarily arise out of and occur during and in the course of employment." *Shoemaker v. Myers*, 52 Cal. 3d 1, 19-20 (1990).

### H. Assuming, *Arguendo,* Kirton's Sixth Cause Of Action For Wrongful Termination Is Not Preempted, Her Claim Still Fails.

Kirton merely reiterates in her Opposition that her termination of employment was in contravention of principles of public policy. However, she has failed to establish the three elements necessary for the wrongful termination claim: that her termination violated a policy that is (1) fundamental, (2) beneficial for the public, and (3) embodied in a statute or constitutional provision. *See Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1256 (1994) (citation omitted).

All Kirton has offered is a conclusory statement alleging discrimination. The Opposition fails to address any of the issues raised in ABSMC's Motion. More specifically, Kirton has failed to address her admissions negating any alleged discriminatory motive and/or acts on the part of ABSMC <u>and</u> she has failed to establish any inference of pretext. Without a viable claim under the FEHA or Article I, Section 8 of the California Constitution, Kirton has not stated an actionable wrongful termination claim. The Sixth Cause of Action must be dismissed.

- 8 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

CASE NO. CV 07-05863 MHP

I.  **Kirton's Concedes That Her Seventh Cause Of Action For Harassment Should Be Dismissed.**

Kirton's Seventh Cause of Action for harassment should be dismissed as Kirton concedes in her Opposition. (Opposition 2:2-4; 10:14-15).

III. **CONCLUSION**

For the foregoing reasons and for the reasons stated in ABSMC's Motion, the Court should grant summary judgment to ABSMC and dismiss this lawsuit with prejudice.

DATED:    May 19, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: _____/S/_____
    DANIELLE M. ELLIS

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

4814-6858-3938.1

- 9 -

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION          CASE NO. CV 07-05863 MHP