1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  DANIELLE M. ELLIS (State Bar No. 226581)
   Email: ellis@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone:  (415) 421-3111
5  Facsimile:   (415) 421-0938

6  Attorneys for Defendant
   ALTA BATES SUMMIT MEDICAL CENTER
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 | CHARLOTTE KIRTON,                          | CASE NO. CV 07-05863 MHP
12 |                Plaintiff,                  | **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**
13 | v.                                         |
14 | ALTA BATES SUMMIT MEDICAL CENTER;          |
   | and DOES 1-20,                             |
15 |                                            |
   |                Defendants.                 |
16 |                                            | DATE:       June 9, 2008
   |                                            | TIME:       2:00 p.m.
17 |                                            | COURTROOM:  15, 18th Flr.
   |                                            | JUDGE:      Hon. Marilyn Hall Patel
18 |                                            |
   |                                            | COMPLAINT FILED: October 22, 2007
19 |                                            | TRIAL DATE: No date set.

20

21         Defendant Alta Bates Summit Medical Center ("ABSMC") hereby submits

22  objections to the evidence provided by Plaintiff Charlotte Kirton ("Kirton") in support of

23  Plaintiff's Opposition to Defendant's Motion For Summary Judgment (the "Opposition").

24  The objections are to statements set forth in Kirton's Declaration, excerpts of Deposition

25  of Kirton and exhibits in support of the Opposition.

26         For the Court's convenience, a summary of objections is provided below,

27  with ABSMC's specific evidentiary objections set forth in table format.

28

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE,     CASE NO. CV 07-05863 MHP
SUMMARY ADJUDICATION

I. **LEGAL PRINCIPLES GOVERNING ADMISSIBLE EVIDENCE.**

  A. **The Court Should Not Consider Evidence Submitted By Kirton Which Is Not Cited In The Opposition Brief.**

Kirton submits evidence supporting the Opposition, however, the Opposition itself specifically references a small portion of the proffered documents and declaration and deposition testimony. ABSMC's objections to Kirton's evidence focuses on the actual evidentiary contained Kirton's Declaration and in the Opposition, however, the Court should not consider any evidence submitted by Kirton which was not specifically referenced in the Opposition. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (holding that "the district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.").

  B. **The Statements Contained In Kirton's Declaration As Well As The Statements Contained Kirton's Deposition Transcript Excerpts Are Inadmissible.**

This Court has the authority to exclude statements contained in Kirton's supporting Declaration to the extent they contain inadmissible evidence. See Fed. R. Civ. Proc. 56(e) (requiring that "opposing affidavits . . . shall set forth such facts as would be admissible in evidence"). The requirements of Fed. R. Evid. 56(e) also apply to the statements contained in the deposition testimony excerpts proffered by Kirton. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) ("The requirement of Fed. R. Evid. 56(e) that affidavit testimony be competent and admissible evidence applies with equal force to deposition testimony.") (*citing Samuels v. Doctors Hosp. Inc.*, 588 F. 2d 485, 486 n.2 (1979)).

Statements contained in Kirton's Declaration as well as certain excerpts are also inadmissible because the proffered statements are not based upon the declarant's and/or the deponent's personal knowledge or because the proffered statements lack a proper foundation to establish personal knowledge. Federal Rules of

- 2 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION   CASE NO. CV 07-05863 MHP

Evidence ("FRE") 602; Fed. R. Civ. Proc. 56(e) (requiring that "opposing affidavits shall be made on personal knowledge . . . and shall show affirmatively that the affiant is competent to testify to the matters stated therein"); See also Allen v. Pacific Bell, 212 F. Supp. 2d 1180, 1191 (C.D. Cal. 2002) (same).

Certain statements contained in Kirton's supporting Declaration and deposition testimony also constitute inadmissible lay opinion evidence in violation of FRE 701. Under FRE 701, "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702." To the extent Kirton's supporting evidence constitutes inadmissible opinion evidence under FRE 701, the Court may not rely upon it in ruling on ABSMC's Motion for Summary Judgment and/or Partial Summary Judgment. Allen, 212 F. Supp. 2d at 1191 (testimony must "set forth facts that would be admissible at trial" and "must show that the declarant . . . is competent to testify as to the facts at issue.").

C.  **Kirton's Declaration And Exhibits Thereto Should Be Excluded Because They Contain Inadmissible Hearsay Statements.**

Many of the statements contained in Kirton's supporting Declaration and deposition testimony excerpts as well as the documents contained in the exhibits constitute inadmissible hearsay in violation of FRE 802 insofar as the statements are offered for the truth of the matter asserted and Kirton has failed to establish a proper foundation for any applicable exception to the hearsay rule. "[H]earsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions." Wood v. Household Fin. Corp., 2006 U.S. Dist. LEXIS 27987, *6 (W.D. Wash. 2006) (citing Blair Foods, Inc. v. Ranchers Cotton Oil, 610 F. 2d 665, 667 (9th Cir. 1980)). Thus, as noted below, ABSMC seek an order striking each and every statement or document which constitutes inadmissible hearsay.

- 3 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION    CASE NO. CV 07-05863 MHP

1   Similarly, ABSMC seeks an order striking any and all statements or
2 documents which are not relevant to the issues raised in ABSMC's Motion for Summary
3 Judgment and/or Partial Summary Judgment pursuant to FRE 402.

4   **II.   SPECIFIC OBJECTIONS**

5   ABSMC requests that the Court exclude the objectionable evidence of
6 Kirton as identified in the table below which is organized for the Court's convenience
7 based upon the arguments contained in the Opposition and the supporting evidence
8 thereto. Citations in these tables are to the Federal Rules of Evidence.

| Objectionable Evidence | Objections |
|---|---|
| Kirton Decl., Exh. 2 | Hearsay. FRE 801. |
| Kirton Decl., Exh. 4 | Hearsay. FRE 801. |
| Kirton Decl, ¶14, lines 4-5.<br><br>("Defendants acting in terminating my employment for purportedly refusing to float is discriminatory and based on my race.") | Conclusory, Lack of Foundation and Improper Opinion. See Fed. Rules of Evid. Rules 602, & 701. |
| Kirton Decl. ¶15, lines 9-10.<br><br>("Defendant's action in terminating my employment was in retaliation for my insistence on complying with the floating rules and for filing a Workers' Compensation claim.") | Conclusory, Lack of Foundation and Improper Opinion. See Fed. Rules of Evid. Rules 602, & 701. |
| Kirton Decl. ¶16, lines 11-13.<br><br>("the discriminatory treatment I received from my supervising nurses.") | Conclusory, Lack of Foundation and Improper Opinion. See Fed. Rules of Evid. Rules 602, & 701. |
| Kirton Decl. ¶17, line 15.<br>("I am an excellent Registered Nurse, always willing to help out, and a team player.") | Conclusory, Lack of Foundation and Improper Opinion. See Fed. Rules of Evid. Rules 302, & 701. |

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

CASE NO. CV 07-05863 MHP

III. **CONCLUSION**.

    For each of the foregoing reasons, ABSMC respectfully requests that the Court strike Kirton's supporting evidence as noted.

DATED:    May 19, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: _____/S/_____
        DANIELLE M. ELLIS

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

4843-4731-9298.1

- 5 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

CASE NO. CV 07-05863 MHP