UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE KIRTON,<br><br>        Plaintiff,<br><br>  v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER, and DOES 1-20,<br><br>        Defendants.<br>_____/ | No. C 07-05863 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendant's Motion for Summary Judgment** |

        On October 22, 2007 plaintiff Charlotte Kirton brought an action against the Alta Bates Summit Medical Center ("Alta Bates") and unnamed Does in the Superior Court of California for the County of Alameda. Plaintiff complained of discrimination, retaliation, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, negligence, wrongful termination and harassment, all under state law.[1] On November 20, 2007 Alta Bates removed the action to this court claiming plaintiff's cause of action for the implied covenant of good faith and fair dealing was preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. section 185. Now before the court is defendant's motion for summary judgment. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court rules as follows.

BACKGROUND[2]

        In April 1992 plaintiff entered into an employment agreement with Alta Bates as a "Clinical Nurse 1." A collective bargaining agreement is in place between the California Nurses Association

and Alta Bates. See Notice of Removal, Exh. C-1 (hereinafter "CBA"); see also DeAngelis Dec., Exhs. J, K. Plaintiff worked for Alta Bates for several years before she was terminated for the first time in September 1996. She was, however, re-instated following an arbitration proceeding. See Kirton v. Summit Medical Center, 982 F. Supp. 1381, 1386 (N.D. Cal. 1997) (James, Mag. J.). Plaintiff continued to work for Alta Bates and was elevated to "Clinical Nurse 2."

On November 20, 2005 plaintiff was asked to work an extra shift. She agreed, but on the condition that she would only work for her regularly scheduled unit. The staffing coordinator agreed. According to plaintiff, the practice at Alta Bates is to allow nurses to place conditions upon their shift if they are called upon to work extra shifts. While working this extra shift, plaintiff was asked to float to another unit by Carol Grappo, her immediate supervisor. Plaintiff rejected the request and informed Grappo of her arrangement with the staffing coordinator. Grappo acquiesced.

The next night, November 21, 2005, again while working an extra shift, plaintiff was asked by Grappo to float to another unit. Plaintiff again declined citing the arrangement she had reached with the staffing coordinator. Grappo informed the night supervisor, who relieved plaintiff for the night and asked her to go home.

Plaintiff then received a phone call from Jennifer Stroud, a Nurse Manager with Alta Bates. Stroud suspended plaintiff due to the incidents of November 20 and 21, 2005. When plaintiff resumed work following the suspension, she could not concentrate and sought medical help. Eventually, she filed a worker's compensation claim on December 2, 2005. According to plaintiff, she was "taken off work" for an "undetermined" period on November 27, 2005, *following* the filing of her worker's compensation claim.[3]

Plaintiff was on a leave of absence awaiting the outcome of her worker's compensation claim when she was terminated by Alta Bates on December 14, 2005 for refusing to float on November 20 and 21, 2005. Plaintiff claims this action was both discriminatory and retaliatory.[4]

LEGAL STANDARD

Summary judgment is proper when the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a

2

1  matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the
2  case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is
3  genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving
4  party. Id. The party moving for summary judgment bears the burden of identifying those portions
5  of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material
6  fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). On an issue for which the opposing party
7  will have the burden of proof at trial, the moving party need only point out "that there is an absence
8  of evidence to support the nonmoving party's case." Id.

9  Once the moving party meets its initial burden, the nonmoving party must go beyond the
10 pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a
11 genuine issue for trial." Fed. R. Civ. P. 56(e). Mere allegations or denials do not defeat a moving
12 party's allegations. Id.; Gasaway v. Nw. Mut. Life Ins. Co., 26 F.3d 957, 960 (9th Cir. 1994). The
13 court may not make credibility determinations, and inferences to be drawn from the facts must be
14 viewed in the light most favorable to the party opposing the motion. Masson v. New Yorker
15 Magazine, 501 U.S. 496, 520 (1991); Anderson, 477 U.S. at 249.

## DISCUSSION

In their papers, the parties focus their argument on whether resolution of plaintiff's claims depends upon interpretation of the CBA. Along the same vein, defendant also makes a statute of limitations argument based on the LMRA. In the alternative, the parties argue the merits of plaintiff's claims. However, neither party raises a threshold issue—exhaustion of the dispute resolution procedures outlined in the CBA.

Defendant removed this action to this court based upon federal question jurisdiction by claiming that Kirton's claims were preempted by section 301 of the LMRA. Specifically, defendant claimed that the employment relationship between the parties is governed by a CBA and resolution of plaintiff's claims requires interpretation of the CBA. There seems to be no argument amongst the parties that a CBA exists between the parties. However, prior to bringing suit, the employee, in order to bring a claim sounding in contract against the employer, must show that mandatory or

3

exclusive grievance procedures provided for in the CBA were exhausted.  See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 985–86 (9th Cir. 2007).  Although plaintiff makes no mention of it, her union appears to have filed a grievance on her behalf regrading the discharge.  Notice of Removal, Exh. C, DeAngelis Dec., ¶ 4.  Article 37 of the CBA provides a four-step grievance procedure.  A grievance meeting pursuant to step two, in accordance with Article 37.2.2 of the CBA, was held on January 13, 2006 and the grievance remained unresolved after the meeting.  Id.  Thereafter, the union representing plaintiff did not pursue the claim according to further steps outlined in the CBA.

These further steps, starting with step three, state:

> If the Medical Center's response is not satisfactory, the Association may, by notice in writing, submit the grievance to a Grievance Committee . . . .  A decision by a majority of the Grievance Committee shall be binding upon the parties.  Reference to Step Three must be made not later than fourteen (14) calendar days following receipt of the Medical Center's Step Two response.

CBA, Article 37.2.4.  This section also outlines an alternate procedure—one that makes use of a mediator—that may be employed instead of the step three described above.  Id., Article 37.2.4.1.  In any event, step four, entitled "Arbitration," states:

> It the grievance is not settled because of deadlock in Step Three or because the Grievance Committee was not set up in Step Three, the Association may submit in writing that the matter be submitted to an impartial arbitrator for determination.

Id., Article 37.3.  As is obvious from the above quoted language, the union had discretion to escalate the grievance procedure to step three and beyond after having been unable to resolve the dispute during step two of the dispute resolution process.  Neither party, however, has presented any evidence that either step three or four was even attempted.

Vaca v. Sipes, 386 U.S. 171, 185 (1967), with strikingly similar facts, is binding.  There, an employee was discharged due to his high blood pressure.  The union pursued the employee's grievance claim through the pre-arbitration steps.  The arbitration step gave the union "power to refer to a specified arbitrator."  Id. at 175 n.3.  Based on its own investigation, however, the union declined to pursue the grievance further.  The Supreme Court held that

> the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.

4

1 Id. at 186. Thus, even if the union has sole power under the CBA to invoke higher stages of the
2 grievance procedure, the employee may nevertheless seek judicial enforcement of the CBA.
3 However, in that scenario, the employee must bring forth a hybrid action that demonstrates the
4 union's malfeasance. The Court announced this rule:

> The rule is that before an employee can sue his employer under s 301 of the L.M.R.A. for a simple breach of his employment contract, the employee must prove not only that he attempted to exhaust his contractual remedies, but that his attempt to exhaust them was frustrated by 'arbitrary, discriminatory, or bad faith' conduct on the part of his union.

8 Id. at 203–04 (Black, J., dissenting, but stating the rule set forth by the majority).

9 Soremekun, a recent Ninth Circuit decision, affirms this principle. 509 F.3d 978. The three-
10 step grievance procedure in place in Soremekun first required the employee to attempt to settle or
11 resolve the dispute with his manager or supervisor. If that proved unfruitful, the employee was
12 required to file a written protest. At that time, either party could request a formal grievance meeting
13 and if that was also unfruitful, either party could submit the matter to arbitration. See Soremekun v.
14 Thrifty Payless, Inc., No. CV 04-06868 MMM (VBKx), at 6–7 (C.D. Cal. Nov. 23, 2005) (order
15 granting summary judgment and affirmed on appeal). The Ninth Circuit found that:

> Here, the governing CBAs establish mandatory grievance procedures that must be followed by employees asserting a violation of the terms of the agreements. It is undisputed that Soremekun did not exhaust these contractual procedures; no official grievance form was filed, no formal grievance meeting was held, and no arbitration proceeding was initiated.

19 Soremekun, 509 F.3d at 987–88.[5] The court then held that "[b]ecause the record clearly establishes
20 that Soremekun failed to exhaust his contractual remedies, and no breach of the duty of fair
21 representation is alleged in the complaint, Thrifty is entitled to summary judgment on Soremekun's
22 § 301 claim." Id. at 989.

23 This action is indistinguishable. Here, as in Soremekun, the employer removed the action to
24 the district court based on its section 301 jurisdiction. The record also shows that the employee
25 failed to exhaust her contractual remedies under the CBA. Plaintiff's attempts to couch some of her
26 state law claims in contractual rights are of no avail. Her contractual rights inhere in the CBA and
27 her arguments to the contrary are not persuasive. Indeed, some steps in the grievance procedure
28 prescribed by the CBA were exercised, but the process was not completed. In order for plaintiff to

5

assert any contract-related claims she must first show that the union breached its duty of fair representation. Id. at 987 ("An employee can support an action for breach of the collective bargaining agreement, brought solely against the employer, by showing that the union violated its duty of fair representation. In such a case, the employee bears the burden of proving two claims–first, that the employer breached the collective bargaining agreement, and second, that the labor union breached its duty of fair representation."). Plaintiff makes no such allegation, nor could she at this stage given that the statute of limitations on a fair representation claim, which is six months, has expired. Id. at 989 n.39.

Thus, plaintiff's claims against her employer for breach of the covenant of good faith and fair dealing must be dismissed. To the extent her state common law claims are contract-based, they are also dismissed. The remaining claims of discrimination, retaliation, intentional infliction of emotional distress, negligence, wrongful termination and harassment survive, but are supplemental claims independent of the removable claim. They do not require reference to the collective bargaining agreement.

This holding eliminates the sole basis this court has for jurisdiction over this action. Although the court has "the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings," it is "generally within a district court's discretion to either retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) (internal quotation omitted). The Ninth Circuit has stated "that it is generally preferable for a district court to remand remaining pendent claims to state court . . . ." Id. Exercising its discretion, the court remands this matter back to the Superior Court of California. Since the court had no occasion to consider this action on the merits, it chooses to give effect to the plaintiff's chosen forum.

CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED in part and DENIED in part. The action is REMANDED to the Superior Court for the County of Alameda,

6

1  California.  The Clerk of Court shall transmit forthwith a certified copy of this order to the Clerk of
2  the Superior Court.
3      IT IS SO ORDERED.

5  Dated: June 11, 2008

                                              MARILYN HALL PATEL
                                              United States District Court Judge
                                              Northern District of California

# ENDNOTES

1. Plaintiff seems to have withdrawn her claim for harassment.

2. No Joint Statement of Undisputed Facts was filed, as required by the local rules. It appears that the parties did not make a good faith effort to meet and confer regrading the Statement. Indeed, filing separate statements of purportedly undisputed facts eviscerates the purpose of the *Joint* Statement of *Undisputed* Facts. The court does not condone such behavior and its leniency with respect to the parties will end here. Since all facts other than the uncontested facts relating to the collective bargaining agreement are irrelevant to the court's decision, the court simply recites plaintiff's view of the facts in the background section.

3. Plaintiff seems to be confused about the relevant dates.

4. The facts recited in the background section are by way of overview only and do not form any part of the basis for the court's decision. Consequently, all of plaintiff's evidentiary objections, to the extent they pertain to facts actually recited in this order, are OVERRULED as moot. Defendant's evidentiary objections to facts not recited in this order are also OVERRULED as moot.

5. Language in the CBA there, as is the case here, that makes resort to the higher levels of review discretionary rather than mandatory does not change the court's analysis. The Ninth Circuit specifically listed non-fulfillment of the discretionary levels of review when it found non-exhaustion.